NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 4 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALENA KRILEY,

      Plaintiff - Appellant,

  v.

CHARLIE BROWNE, MD, All Women's
Care; JAMIE PHIFER, MD, All Women's
Care; ALL WOMEN'S CARE; DOES, Staff
Members, All Women's Care,

      Defendants - Appellees.

No. 25-2891

D.C. No.
2:21-cv-01176-JHC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
John H. Chun, District Judge, Presiding

Submitted July 31, 2026[**]

Before: MURGUIA, Chief Judge, and WARDLAW and JOHNSTONE, Circuit
Judges.

    Alena Kriley appeals the district court's denial of her request to appoint pro

bono counsel, denial of her request to extend various filing deadlines, and grant of

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

summary judgment for Defendants on all claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. We review for abuse of discretion a district court's denial of an extension of time under Federal Rule of Civil Procedure 6(b). *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010).

The district court did not abuse its discretion in denying Kriley's second motion to extend the expert disclosure deadline under Rule 6(b). *See id*. Kriley's reason for the extension—that she had "received from Defendants only a portion of her records that Defendants have stated they want to obtain from Kriley's medical providers"—did not establish good cause. *See* Fed. R. Civ. P. 6(b)(1)(A). Kriley already possessed the medical records necessary for an expert to evaluate her claims based on the alleged breach of the standard of care and lack of informed consent. The district court also previously granted a four-month extension of the same deadline, and Kriley made no showing that she diligently attempted to retain or disclose an expert during that extension period.

The district court also did not abuse its discretion in denying Kriley's second, third, and fourth motion for extension of the time to respond to

Defendants' motion for summary judgment.[1] *See Ahanchian*, 624 F.3d at 1258. Kriley's reasons for seeking these extensions shifted from motion to motion but none explained why she was unable to draft a response brief. The district court also reasonably found that further delay would prejudice Defendants and expend additional judicial resources where Kriley lacked the expert testimony necessary to establish her claim. That Kriley presented arguments against summary judgment in at least one of these motions further undermined her claim that additional time was needed to formulate a response. The district court acted well within its discretion in denying all three motions.

2.     We review de novo a district court's grant of summary judgment. *Bros. Mkt. LLC No. 2 v. United States*, 172 F.4th 758, 764 (9th Cir. 2026).

The district court properly granted summary judgment for Defendants. Under Washington law, a plaintiff seeking damages "for injury occurring as a result of health care" must seek relief under Chapter 7.70 of the Revised Code of Washington ("RCW"). Wash. Rev. Code Ann. § 7.70.010. Because Kriley's claims

---

[1] Kriley filed her third and fourth motions after the response deadline, which means that Rule 6(b)(1)(B)'s excusable neglect—rather than good cause—standard applied. Fed. R. Civ. P. 6(b)(1)(B); *see Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (en banc). The district court, however, did not specifically state whether it analyzed these untimely motions under the excusable neglect or good cause standard. Even if the district court applied the more lenient good cause standard, *see United States v. Navarro*, 800 F.3d 1104, 1109 (9th Cir. 2015), it did not abuse its discretion.

for gross negligence, fraudulent misrepresentation, fraudulent concealment, undue influence, negligent misrepresentation, and negligent concealment simply repackaged the same alleged health-care injury under different legal theories, the district court correctly held that they were duplicative of the exclusive remedy provided by RCW 7.70.

Kriley's claims for wrongful death, negligence, lack of informed consent, and loss of chance each required competent expert testimony to establish breach of the standard of care, proximate causation, or the materiality of an undisclosed risk. *See Harris v. Groth*, 663 P.2d 113, 117–19 (Wash. 1983) (en banc); *see also* Wash. Rev. Code Ann. §§ 7.70.040(1), 050(3). Because Kriley failed to disclose an expert witness, the record contains no evidence from which a jury could find breach, causation, or the requisite materiality. Further, Kriley could not maintain her wrongful death claim because Washington law permits only the personal representative of a decedent's estate to bring such an action, and Kriley was not the personal representative of her unborn child's estate. *See Beal for Martinez v. City of Seattle*, 954 P.2d 237, 240 (Wash. 1998) (en banc).

Lastly, Kriley's medical battery and lack of consent claims failed as a matter of law as it is undisputed that Kriley signed a written consent form before the procedure at issue. Because a signed consent form is prima facie evidence that consent was given, Wash. Rev. Code Ann. § 7.70.060(1), and Kriley produced no

evidence to rebut the presumption of consent, the district court properly granted summary judgment on these claims, *see Bundrick v. Stewart*, 114 P.3d 1204, 1208 (Wash. Ct. App. 2005).

3.    The district court did not abuse its discretion in denying Kriley's second and third motions for appointment of counsel. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); 28 U.S.C. § 1915(e)(1). Kriley did not demonstrate "exceptional circumstances" to justify appointment of counsel under 28 U.S.C. § 1915(e)(1). *Palmer*, 560 F.3d at 970 (citation omitted). She did not show a "likelihood of success on the merits" of her claims, and her numerous and detailed filings show that she could "articulate [her] claims *pro se* in light of the complexity of the legal issues involved." *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

**AFFIRMED.**